WILSON TURNER KOSMO LLP
Frederick W. Kosmo, Jr. (138036)
Hubert Kim (204957)
550 West C Street, Suite 1050
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  fkosmo@wilsonturnerkosmo.com
E-mail:  hkim@wilsonturnerkosmo.com

PORZIO, BROMBERG & NEWMAN PC
Kevin M. Bell (*pro hac vice*)
Richard J. Oparil (*pro hac vice*)
W. John McKeague (*pro hac vice*)
Scott A.M. Chambers (*pro hac vice*)
1200 New Hampshire Ave. NW Suite 710
Washington, DC  20036
Telephone: (202) 517-1888
Facsimile: (202) 517-6322
E-mail:  kmbell@pbnlaw.com
E-mail:  rjoparil@pbnlaw.com
E-mail:  wjmckeague@pbnlaw.com
E-mail:  sachambers@pbnlaw.com

Attorneys for Plaintiff
Natural Alternatives International, Inc.

POSNER LAW CORPORATION
Ashley D. Posner (106195)
15303 Ventura Boulevard, Suite 900
Sherman Oaks, California 91403
Telephone: (310) 475-8520
Facsimile: (818) 986-2203
Email: ashleyposner@gmail.com

BRINKS GILSON & LIONE
Gregory L. Hillyer (*pro hac vice*)
Evi T. Katsantonis (*pro hac vice*)
1775 Pennsylvania Ave. NW Suite 900
Washington, DC 20006
Telephone: (202) 296-8700
Facsimile:. (202) 296-8701
Email: ghillyer@brinksgilson.com
Email: ekatsantonis@brinksgilson.com

Attorneys for Defendant
Hi-Tech Pharmaceuticals, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HI-TECH PHARMACEUTICALS, INC. d/b/a ALR Industries, APS Nutrition, Innovative Laboratories, Formutech Nutrition, LG Sciences and Sports 1, and DOES 1-100<br><br>Defendant. | Case No.:  3-16-cv-02343<br><br>**JOINT MOTION TO STAY**<br><br>Complaint filed: September 16, 2016<br>District Judge: Marilyn L. Huff<br>Magistrate Judge: Andrew G. Schopler |

1. Plaintiff, Natural Alternatives International, Inc. ("NAI"), and Defendant, Hi-Tech Pharmaceuticals, Inc. (doing business as ALR Industries, APS Nutrition, Innovative Laboratories, Formutech Nutrition, LG Sciences and Sports 1 (collectively, "Defendants") jointly move for an Order temporarily staying this proceeding, and in support thereof, respectfully state as follows.

2. On September 28, 2017, the United States of America filed a First Superseding Criminal Indictment against Defendants Hi-Tech Pharmaceuticals, Inc. and its Chief Executive Officer, Jared Wheat. *United States v. Hi-Tech Pharmaceuticals, et al.*, No.1:17-CR-0229 (N.D. Ga. 2017).

3. On or about October 4, 2017, items in the possession of Hi-Tech were seized pursuant to a search warrant, including the documentation relevant to this case.

4. The search warrant and list of items seized have been provided to NAI under the protective order in response to certain discovery propounded by NAI.

5. In light of this development, counsel for the parties have met, conferred and agreed that neither party is in a position to proceed and that a temporary stay would be in the best interests of the parties and the Court.

6. The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). It is appropriate to exercise the discretion to stay when resolving another matter will directly affect the issues before the court, thereby substantially simplifying the issues presented. *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983). In determining whether a stay is appropriate, a district court must consider "the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of law that could result from a stay."

*Mendez v. Optio Solutions, LLC*, 239 F. Supp. 3d 1229 (S.D. Cal. 2017) (citing *Landis*, 299 U.S. at 254–55).

7. A stay is appropriate in this case because the documents relevant to this case, and relied upon by both parties, are currently in the possession, custody and control of the government.  No damage or undue prejudice will result because both parties have mutually agreed to a stay until the documents can be retrieved or the other matter is otherwise resolved.  Alternatively, if the stay is denied and the case proceeds, the parties will suffer undue hardship because proving either side of the case will be impracticable, if not impossible, without the relevant documentation.  Lastly, the hardship suffered by the parties will obstruct the orderly administration of justice, complicate the issues and hinder the respective proofs.

8. For the foregoing reasons, the parties move for an order staying all proceedings in this action until disposition of *United States v. Hi-Tech Pharmaceuticals, et al,* 1:17-CR-00229 (N.D. Ga 2017), or at a minimum, until the documents relevant to this case can be retrieved by the Defendants.

9. Defendants agree to provide a status update every four (4) months to advise the Court of the progress of the alternate proceedings.

Dated:   November 3. 2017          **WILSON TURNER KOSMO LLP**

By:   s/ Frederick W. Kosmo, Jr.
FREDERICK W. KOSMO, JR.
fkosmo@wilsonturnerkosmo.com

*Attorney for Plaintiff*
*Natural Alternatives International, Inc.*

Dated:   November 3. 2017          **POSNER LAW CORPORATION**

By:   <u>s/ Ashley D. Posner</u>
      Ashley D. Posner
      ashleyposner@gmail.com

*Attorney for Defendant*
*Hi-Tech Pharmaceutical, Inc.*

## SIGNATURE ATTESTATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all signatories shown above and that I have obtained such signatories' authorization to affix their electronic signatures to this document.

<u>s/ Ashley D. Posner</u>
Ashley D. Posner
ashleyposner@gmail.com